IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CELMIRA CECILIA TURNER and VANESSA LA BARRIE,** § § § § § *Plaintiffs*, § § **v.** § § **COPELAND GROUP USA, INC. d/b/a COPELAND INSURANCE GROUP** § § § *Defendant*. | **CIVIL ACTION NO:** **JURY DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PLAINTIFFS, Celmira Cecilia Turner and Vanessa La Barrie (hereinafter "Ms. Turner" 'Ms. La Barrie" or "Plaintiffs"), individually and behalf of all others similarly situated, files this lawsuit as a collective action against Copeland Group USA, INC. d/b/a Copeland Insurance Group (hereinafter "CIG" or "Defendant") for violations of 42 U.S.C. §§ 1981 et seq. ("Section 1981"), the Texas Employment Discrimination Act, as amended, TEX. LAB. CODE §§ 21.001 et seq. ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein, and will show the following:

### I.   NATURE OF CLAIMS

1.   This is an action brought by Plaintiffs seeking damages from Defendant for acts of discrimination. Defendant's acts are in violation of Section 1981, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein. Plaintiffs bring this action on behalf

1

of themselves, and those similarly situated, as Defendant subjected African American Sales and Marketing Directors to discrimination based on their race and color.

2.     Defendant employed Plaintiffs in Houston, Texas, and during Plaintiffs' employment with Defendant, Plaintiffs and those similarly situated were subjected to discrimination based on their race and color in violation of Section 1981, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. § 2000e et seq., as amended, and (iii) 42 U.S.C. § 1981 et seq., as amended.

4.     The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiffs transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district. At all times pertinent to this Complaint, Defendant maintains offices, conducts business and resides in this district.

### III.   THE PARTIES

6.      Plaintiff, Celmira Cecilia Turner is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a resident of Harris County, Texas, and an African American citizen of the United States of America.

7.      Plaintiff, Vanessa La Barrie is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a resident of Harris County, Texas, and an African American citizen of the United States of America.

8.      Defendant, Copeland Group USA Inc., is a domestic for-profit professional corporation operating out of Houston, Texas.  CIG's headquarters is located at 1203 W Loop 281 Longview Texas 75604 and can be served by and <u>through its registered agent, Melvin E. Copeland at 1203A W LOOP 281 Longview, TX 75604 USA</u>.

### IV.   FACTS

9.      Plaintiffs were employed as Sales and Marketing Directors at Defendant's office location in Houston, Texas. Plaintiff La Barrie worked for Defendant from February 2020 to October 2020 and Plaintiff Turner worked for Defendant from October 2020 to November 2020.Throughout their employment, Plaintiffs, and those similarly situated, experienced discriminatory treatment because of their race and color.

<u>Plaintiff Vanessa La Barrie</u>

10.     On February 4, 2020, Plaintiff La Barrie began her career with Copeland Insurance Group as a Sales and Marketing Director. Within two weeks of Plaintiff La Barrie starting at CIG, her direct manager was terminated, and was replaced by Dusty Singleton (hereinafter "Ms. Singleton").

11.     When Plaintiff La Barrie started, she was told that she would have a team of agents

3

assigned to her, which did not occur because Ms. Singleton did not agree. Ms. Singleton has a close personal relationship with the owner of CIG, Mel Copeland ("Mr. Copeland), and she convinced Mr. Copeland that Plaintiff La Barrie did not need the team of agents, even though that was essential to Plaintiff La Barrie's success.

12. In March 2020, Plaintiff La Barrie's work environment became very hostile, when Greg Santiago ("Mr. Santiago") became employed, because Ms. Singleton would purposely discourage Mr. Santiago from supporting Plaintiff La Barrie. Plaintiff La Barrie was not able to get the same amount of support as compared to similarly situated non-African American employees. Plaintiff La Barrie was forced to go to corporate to request support staff, but to no avail.

13. In April 2020, CIG's corporate offices closed due to the coronavirus pandemic, however, Plaintiff La Barrie was required to continue to keep her store opened, putting her in a very compromising position. Contrarily, CIG allowed similarly situated employees, who are outside her protected class, to work remotely, while Plaintiff La Barrie continued to stay open to the public.

14. In June 2020, Ms. Singleton went to the owner Mr. Copeland and stated that Plaintiff La Barrie was "never at work" and Ms. Singleton did not know where she was. Plaintiff La Barrie was almost terminated based on the deceptive actions of Ms. Singleton. However, after clearing the confusion with Mr. Copeland, he went on to give Plaintiff La Barrie high praises on her performance, and gave her reassurance of her job, even though it was known some employees were attempting to throw her under the bus.

15. In August 2020, Ms. Singleton was promoted to Regional Manager, which gave her hiring and firing authority over Plaintiff La Barrie's position. Once Ms. Singleton became Plaintiff La Barrie's manager, Plaintiff La Barrie was required to speak with her at least twice a week and also send her a weekly report of Ms. La Barrie's work progress. Ms. Singleton questioned and nitpicked

everything Plaintiff La Barrie did, and nothing Plaintiff La Barrie ever did was a good idea or good enough for Ms. Singleton. Ms. Singleton created an environment where it was always her way or no way.

16. Throughout Plaintiff La Barrie's nine (9) months of employment with CIG, she walked on eggshells, and was treated vastly different compared to her similarly situated non-African American peers. Plaintiff La Barrie was concerned for her job because Ms. Singleton never wanted to be a team player. In some instances, Plaintiff La Barrie would have to warn her team to be on their best behavior if Ms. Singleton visited her office because Ms. Singleton would find any little thing to complain or find a problem with. It was clear that Ms. Singleton had a direct discriminatory animus towards Plaintiff La Barrie.

17. On October 4, 2020, Plaintiff La Barrie received an email from her office that "her position was being terminated immediately." Plaintiff La Barrie called Ms. Singleton, who told Plaintiff La Barrie to contact HR representative, Heather. Heather told Ms. La Barrie that she did not have to provide Plaintiff La Barrie with reasoning as to why her position was eliminated because Texas is an at-will state.

18. Ironically, once Plaintiff Turner accepted the position from Ms. Singleton, Plaintiff. La Barrie was terminated. Ms. Singleton was actively recruiting Plaintiff Turner to replace Plaintiff La Barrie as the only African-American Sales and Marketing Director based on predetermined discriminatory motives. Plaintiff La Barrie was the only African-American female or male in her position at CIG. CIG, through the actions of Ms. Singleton, discriminated against Ms. La Barrie by treating her more unfavorably compared to her similarly situated peers:

    a. Brandy Wallace – Caucasian

    b. Denise Reid – Caucasian

      c.  Kim Ayala – Caucasian

*Plaintiff Celmira Cecilia Turner*

19. In September 2020, Plaintiff Turner was heavily recruited by Ms. Singleton and was promised more money (base/commission); and career longevity. Plaintiff Turner left a previous employer based on the representations of Ms. Singleton.

20. On October 5, 2020, Plaintiff Turner began her career with CIG as a Sales and Marketing Director, and was selected to replace a the only other African American Sales and Marketing Director (Plaintiff La Barrie). During the first few days of Plaintiff Turner's employment, many of the agents were upset about abrupt termination of Plaintiff La Barrie. Plaintiff Turner, ironically replaced the only other African American Sales and Marketing Director at CIG, which she believes was to only keep one African American in the position at a time. When Plaintiff Turner started, she was not provided any guidance on how to succeed in the position.

21. Within days of employment, Plaintiff Turner realized she was being used as a pawn in CIG's discriminatory actions. Plaintiff Turner's direct supervisor, Ms. Singleton, began to create a hostile work environment, with racial undertones, openly mocking Plaintiff Turner. Plaintiff Turner was quickly deemed as the "Aggressive Black Woman," and Ms. Singleton began to consistently make subtle remarks about Plaintiff Turner's race and stereotypes.

22. In October 2020, Ms. Singleton forced Plaintiff Turner to move from the Directors Office to the Front Office. The Front Office was known to be constantly hot, and Plaintiff Turner was required to sit directly with the sun in her face. Plaintiff Turner made complaints about how the room was uncomfortable and how it was used for storage. Ms. Singleton would visibly see Plaintiff Turner's discomfort, however Ms. Singleton did nothing to improve the working conditions. The actions by Ms. Singleton were discriminatory, and create a hostile work environment, which

discriminated against Plaintiff Turner based on her race because no other Sales Marketing Director outside her protected class was treated in a similar manner.

23. On November 2, 2020, Alex Ruiz and Ms. Singleton were berating Plaintiff for writing what they deemed as "hostile and aggressive" emails.

24. On November 4, 2020, Ms. Singleton offered another person Plaintiff Turner's position, and Plaintiff Turner was terminated without cause on November 5, 2020. Ms. Turner was terminated within one-month of employment, and it is obvious that the decision to hire and terminate Plaintiff Turner was based on her race. Plaintiff Turner replaced the only other female African American Sales and Marketing Director, and was replaced by someone outside her protected class.

25. Prior to Plaintiff Turner's termination, on November 5, Plaintiff Turner made a race discrimination complaint via Cigna's EthicsPoint. Plaintiff Turner called Cigna's Ethics to report Elodia Gallo (Elodia is a business partner, Broker Manager at Cigna), a friend to Ms. Singleton and Mr. Ruiz. Elodia used the same language stating Plaintiff Turner was "aggressive."

26. Not soon after making a complaint via EthicsPoint, Plaintiff Turner received a phone call from the newly hired Sales and Marketing Director. Plaintiff Turner called Heather (HR) to inquire what was going on and if her employment was in jeopardy. Heather said Plaintiff's employment was not in jeopardy. Plaintiff Turner asked Heather to schedule a call with Dusty to discuss, however, that call was never scheduled. Consequently, on November 5, 2020, Plaintiff was terminated and replaced by Alex Ruiz as the Sales and Marketing Director.

27. Ms. Turner was the only African-American female or male in her position at CIG. CIG, through the actions of Ms. Singleton, discriminated against Ms. Turner by treating her more unfavorably compared to her similarly situated peers:

    a. Kim Ayala – Caucasian female

    b. Denise Reid – Caucasian female

    c. Kim Ayala – Caucasian female

    d. Elsa Isais – Caucasian female

    e. Alejandre Ruiz – Hispanic female

    f. Dwayne Gueno – Hispanic male

### V.   FIRST CAUSE OF ACTION: VIOLATIONS OF SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §§ 1981 ET SEQ.
**(Discrimination as to all Plaintiffs, on behalf of themselves, and those similarly situated)**

28.    Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

29.    The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 et seq., as Defendant has engaged in the practice of discrimination on the basis of race, color, and/or national origin with respect to the terms and conditions of African American Sales and Marketing Directors' employment.

30.    Plaintiffs were treated differently than other employees that are not of African American descent. Defendant engaged in discrimination against Plaintiffs, African Americans, by termination, based upon Plaintiffs' race; ultimately depriving Plaintiffs of equal employment opportunities and otherwise adversely affecting their status as an employee. As a result of Defendant's discrimination, Plaintiffs suffered damages (in an amount that is within the jurisdictional limits of this Court).

### VI.   SECOND CAUSE OF ACTION: VIOLATION OF THE TEXAS EMPLOYMENT DISCRIMINATION ACT, AS AMENDED, TEX. LAB. CODE §§ 21.001 ET SEQ.
**(Discrimination as to all Plaintiffs, on behalf of themselves, and those similarly situated)**

31.    Plaintiff reasserts and incorporate by reference all the above numbered paragraphs.

32.    The conduct alleged herein violates the Texas Employment Discrimination Act, as

amended, Tex. Lab. Code §§ 21.001 et seq., as Defendant has engaged in the practice of discrimination on the basis of race, color, and/or national origin with respect to the terms and conditions of African American Sales and Marketing Directors' employment.

33. Defendant discriminated against Plaintiffs in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiffs in a manner that would deprive or tend to deprive Plaintiffs of any employment opportunity or adversely affect their status because of Plaintiffs' race (i.e. African American), in violation of TEX. LAB. CODE §§ 21.001 ET SEQ.

34. Plaintiffs have suffered irreparable injury and monetary damage as the result of Defendant's acts for which Plaintiffs now seeks redress.

## VII. THIRD CAUSE OF ACTION: DEFAMATION

35. Based on the foregoing paragraphs, Plaintiffs jointly allege that the defendant engaged in libel and slander.

36. Defamation is defined by the Texas law as invasion of a person's interest in his reputation and good name. Plaintiffs would show that Defendant, through the actions of Dusty Singleton, published false information about Plaintiffs in an attempt to deter Plaintiffs from minding new employment in the industry.

## VIII. JURY DEMAND

37. Plaintiffs demands a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submit the jury fee.

## IX. PRAYER

38. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. All damages to which Plaintiffs may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to lost wages, back and future pay, reinstatement, upgrading, and compensation for benefits not received;

b. Past physical pain and mental suffering;

c. Present physical pain and mental suffering;

d. Future physical pain and mental suffering;

e. Compensatory damages;

f. Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g. Reasonable attorneys' fees as allowed by law, with conditional awards in the event of appeal;

h. Pre-judgment interest at the highest rate permitted by law;

i. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j. Costs of Court; and

k. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,

kennard law P.C.

By: _____

Alfonso Kennard, Jr.
Texas State Bar No. 24036888
Federal ID No. 713316
Attorney-In-Charge
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
Alfonso.Kennard@KennardLaw.com

10

                Eddie Hodges Jr.
                Texas Bar No. 24116523
                Southern District Bar No. 3479748
                2603 Augusta Drive, Suite 1450
                Houston, Texas 77057
                Main: 713.742.0900
                Fax: 713.742.0951
                eddie.hodges@kennardlaw.com
                **ATTORNEY FOR PLAINTIFFS**