**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CELMIRA CECILIA TURNER and** | § | |
| **VANESSA LA BARRIE,** | § | **CIVIL ACTION NO.:** |
| *Plaintiffs*, | § | **4:21-cv-00640** |
| | § | |
| **v.** | § | |
| | § | |
| **COPELAND GROUP USA, INC. d/b/a** | § | |
| **COPELAND INSURANCE GROUP,** | § | **JURY DEMANDED** |
| *Defendant.* | § | |

---

**PLAINTIFFS' FOURTH AMENDED COMPLAINT**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

PLAINTIFFS, Celmira Cecilia Turner and Vanessa La Barrie (hereinafter "Plaintiff Turner", "Plaintiff La Barrie" or "Plaintiffs"), individually and behalf of all others similarly situated, files this lawsuit as a collective action against Copeland Group USA, Inc. d/b/a Copeland Insurance Group (hereinafter "CIG" or "Defendant") for violations of 42 U.S.C. §§ 1981 et seq. (hereinafter "Section 1981), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq. (hereinafter "TLC"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (hereinafter "Title VII"), and any other cause(s) of action that can be inferred from the facts set forth herein, and will show the following:

### I.    NATURE OF CLAIMS

1.    This is an action brought by Plaintiffs seeking damages from Defendant for acts of discrimination. Defendant's acts are in violation of Section 1981, the TLC, Title VII and any other cause(s) of action that can be inferred from the facts set forth herein. Plaintiffs bring this

action on behalf of themselves, and those similarly situated, as Defendant subjected African American Sales and Marketing Directors to discrimination based on their race and color.

2.      Plaintiff Turner seeks damages from Defendant for acts of discrimination. Defendant's acts are in violation of Title VII and the Texas Labor Code. Plaintiff Turner brings these claims on behalf of herself and those similarly situated, as Defendant subjected African American Sales and Marketing Directors to discrimination based on their race and gender, and created an objectively hostile work environment.

3.      Defendant employed Plaintiffs in Houston, Texas, and during Plaintiffs' employment with Defendant, Plaintiffs and those similarly situated were subjected to discrimination based on their race and color in violation of Section 1981, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

## II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. § 2000e et seq., as amended, and (iii) 42 U.S.C. § 1981 et seq., as amended.

5.      The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiffs transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district. At all times pertinent to this Complaint, Defendant maintains offices, conducts business and resides in this district.

## III.      THE PARTIES

7.      Plaintiff, Celmira Cecilia Turner is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a resident of Harris County, Texas, and an African American citizen of the United States of America.

8.      Plaintiff, Vanessa La Barrie is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a resident of Harris County, Texas, and an African American citizen of the United States of America.

9.      Defendant, Copeland Group USA Inc., is a domestic for-profit professional corporation operating out of Houston, Texas.  CIG's headquarters is located at 1203 W Loop 281 Longview Texas 75604 and can be served by and through its registered agent, Melvin E. Copeland at 1203A W LOOP 281 Longview, TX 75604 USA.

## IV.      EXHAUSTION OF ADINISTRATIVE REMEDIES

10.      Plaintiff Turner has satisfied all conditions precedent to filing suit because (a) Plaintiff Turner submitted her Charge of Discrimination to the Equal Employment Opportunity Commission (the "EEOC") complaining of race and gender discrimination, hostile work environment, and Equal Pay Act violations against CIG on February 24, 2021, (b) Plaintiff Turner received her notice of right to file civil action from the EEOC on March 17, 2021,  and

(c) this action is filed within 90 days of Plaintiff Turner's receipt of the EEOC's notice on March 17, 2021.

11.      Plaintiff Barrie has satisfied all conditions precedent to filing suit because (a) Plaintiff Turner submitted her Charge of Discrimination to the Equal Employment Opportunity Commission (the "EEOC") complaining of race and gender discrimination, hostile work environment, and Equal Pay Act violations against CIG on March 18, 2021, (b) Plaintiff La Barrie received her notice of right to file civil action from the EEOC on April 20, 2021,  and (c) this action is filed within 90 days of Plaintiff Turner's receipt of the EEOC's notice on April 20, 2021.

## V.      FACTS

12.      Plaintiffs were employed as Sales and Marketing Directors at Defendant's office location in Houston, Texas. Plaintiff La Barrie worked for Defendant from February 2020 to October 2020 and Plaintiff Turner worked for Defendant from October 2020 to November 2020.Throughout their employment, Plaintiffs, and those similarly situated, experienced discriminatory treatment because of their race and color.

*Plaintiff Vanessa La Barrie*

13.      On February 4, 2020, Plaintiff La Barrie began her career with Copeland Insurance Group as a Sales and Marketing Director. Within two weeks of Plaintiff La Barrie starting at CIG, Dusty Singleton (hereinafter "Ms. Singleton") became Plaintiff La Barrie's supervisor.

14.      When Plaintiff La Barrie started, she was told that she would have a team of agents assigned to her, which did not occur because Ms. Singleton did not agree. Ms. Singleton has a close personal relationship with the owner of CIG, Mel Copeland ("Mr. Copeland), and she convinced Mr. Copeland that Plaintiff La Barrie did not need the team of agents, even though that

was essential to Plaintiff La Barrie's success. However, similarly situated non-African American Sales and Marketing Directors were given a team of agents, which is detrimental to success in the position.

15.     In March 2020, Plaintiff La Barrie's work environment became very hostile, when Greg Santiago ("Mr. Santiago") became employed, because Ms. Singleton would purposely discourage Mr. Santiago from supporting Plaintiff La Barrie. Plaintiff La Barrie was not able to get the same amount of support as compared to similarly situated non-African American employees, which was detrimental to her being successful in the position. Plaintiff La Barrie was forced to go to corporate to request support staff, but to no avail.

16.     In April 2020, CIG's corporate offices closed due to the coronavirus pandemic, however, Plaintiff La Barrie was required to continue to keep her store opened, putting her in a very compromising position. Contrarily, CIG allowed similarly situated employees, who are outside her protected class, to work remotely, while Plaintiff La Barrie was required to stay open to the public.

17.     In June 2020, Ms. Singleton went to the owner Mr. Copeland and stated that Plaintiff La Barrie was "never at work" and Ms. Singleton did not know where she was. Plaintiff La Barrie was almost terminated based on the deceptive actions of Ms. Singleton. However, after clearing the confusion with Mr. Copeland, he went on to give Plaintiff La Barrie high praises on her performance, and gave her reassurance of her job, even though it was known some employees were attempting to throw her under the bus.

18.     In August 2020, Ms. Singleton was promoted to Regional Manager, which gave her hiring and firing authority over Plaintiff La Barrie's position. Once Ms. Singleton became Plaintiff La Barrie's manager, Plaintiff La Barrie was required to speak with her at least twice a week and also

send her a weekly report of Ms. La Barrie's work progress. Ms. Singleton questioned and nitpicked everything Plaintiff La Barrie did, and nothing Plaintiff La Barrie ever did was a good idea or good enough for Ms. Singleton. Ms. Singleton created an environment where it was always her way or no way.

19.     Throughout Plaintiff La Barrie's nine (9) months of employment with CIG, she walked on eggshells, and was treated vastly different compared to her similarly situated non-African American peers. Plaintiff La Barrie was concerned for her job because Ms. Singleton never wanted to be a team player. In some instances, Plaintiff La Barrie would have to warn her team to be on their best behavior if Ms. Singleton visited her office because Ms. Singleton would find any little thing to complain or find a problem with. It was clear that Ms. Singleton had a direct discriminatory animus towards Plaintiff La Barrie.

20.     On October 4, 2020, Plaintiff La Barrie received an email from her office that "her position was being terminated immediately." Plaintiff La Barrie called Ms. Singleton, who told Plaintiff La Barrie to contact HR representative, Heather. Heather told Ms. La Barrie that she did not have to provide Plaintiff La Barrie with reasoning as to why her position was eliminated because Texas is an at-will state.

21.     On October 9, 2020, Jennifer Gomez, a Licensed Sales Agent for Copeland, resigned from her job from Copeland due to Ms. Singleton's treatment of Plaintiff La Barrie. She stated in her resignation email, in part, "The fact that the new leader (Dusty Singleton) in place is worried more about *the way the office looks*, instead of focusing on seeing what our current AEP strategy is and how she can make it better shows me where her priorities are. I stayed because I was loyal to Vanessa because she truly cares about people, has a genuine interest in wanting to see people succeed…On to an organization which has INTEGRITY and COMPASSION."

22.     Ironically, once Plaintiff Turner accepted the position from Ms. Singleton, Plaintiff. La Barrie was terminated. Ms. Singleton was actively recruiting Plaintiff Turner to replace Plaintiff La Barrie to fill the void as the <u>only</u> African-American Sales and Marketing Director based on predetermined discriminatory motives. Plaintiff La Barrie was the only African-American female or male in her position at CIG. CIG, through the actions of Ms. Singleton, discriminated against Ms. La Barrie by treating her more unfavorably compared to her similarly situated peers:

> a.     Brandy Wallace – Caucasian
>
> b.     Denise Reid – Caucasian
>
> c.     Kim Ayala – Caucasian

### *Plaintiff Celmira Cecilia Turner*

23.     In September 2020, Plaintiff Turner was heavily recruited by Ms. Singleton and was promised more money (base/commission); and career longevity with CIG. Plaintiff Turner left a previous employer based on the representations of Ms. Singleton.

24.     On October 5, 2020, Plaintiff Turner began her career with CIG as a Sales and Marketing Director, and was selected to replace a the only other African American Sales and Marketing Director (Plaintiff La Barrie). During the first few days of Plaintiff Turner's employment, many of the agents were upset about abrupt termination of Plaintiff La Barrie. Plaintiff Turner, ironically replaced the only other African American Sales and Marketing Director at CIG, which she believes was to only keep one African American in the position at a time. When Plaintiff Turner started, she was not provided any guidance on how to succeed in the position.

25.     Within days of employment, Plaintiff Turner realized she was being used as a pawn in CIG's discriminatory actions. Plaintiff Turner's direct supervisor, Ms. Singleton, began to create a hostile work environment, with racial undertones, openly mocking Plaintiff Turner. Plaintiff

Turner was quickly deemed as the "Aggressive Black Woman," and Ms. Singleton began to consistently make subtle remarks about Plaintiff Turner's race and stereotypes.

26.     In October 2020, Ms. Singleton forced Plaintiff Turner to move from the Directors Office to the Front Office. The Front Office was known to be constantly hot, and Plaintiff Turner was required to sit directly with the sun in her face. Plaintiff Turner made complaints about how the room was uncomfortable and how it was used for storage. Ms. Singleton would visibly see Plaintiff Turner's discomfort, however Ms. Singleton did nothing to improve the working conditions. The actions by Ms. Singleton were discriminatory, and created a hostile work environment, which discriminated against Plaintiff Turner based on her race because no other Sales Marketing Director outside her protected class was treated in a similar manner.

27.     On November 2, 2020, Alex Ruiz and Ms. Singleton were berating Plaintiff for writing what they deemed as "hostile and aggressive" emails.

28.     On November 4, 2020, Plaintiff Turner sent an email to HR, Heather Mayfield, referencing a conversation they had previously regarding discriminatory comments being made against her based on her race. Plaintiff Turner followed up with Heather that evening stating that she believed Ms. Singleton planned to fire her, and asked for more communication from Heather Mayfield. Plaintiff Turner requested an HR meeting the following day with Ms. Singleton and Ms. Mayfield, but to no avail.

29.     On November 4, 2020, Ms. Singleton offered another person (non-African American) Plaintiff Turner's position, and Plaintiff Turner was terminated without cause on November 5, 2020. Ms. Turner was terminated within one-month of employment, and it is obvious that the decision to hire and terminate Plaintiff Turner was based on her race. Plaintiff Turner replaced the only other female African American Sales and Marketing Director, and was replaced by someone

outside her protected class.

30.     Prior to Plaintiff Turner's termination, on November 5, Plaintiff Turner made a race discrimination complaint via Cigna's EthicsPoint. Plaintiff Turner called Cigna's Ethics to report Elodia Gallo (Elodia is a business partner, Broker Manager at Cigna), a friend to Ms. Singleton and Mr. Ruiz. Elodia used the same language stating Plaintiff Turner was "aggressive."

31.     Not soon after making a complaint via EthicsPoint, Plaintiff Turner received a phone call from the newly hired Sales and Marketing Director. Plaintiff Turner called Heather Mayfield (HR) to inquire what was going on and if her employment was in jeopardy. Heather said Plaintiff's employment was not in jeopardy. Plaintiff Turner asked Heather to schedule a call with Dusty to discuss, however, that call was never scheduled. Plaintiff also inquired to set up a HR meeting the day before, but that never happened. Consequently, on November 5, 2020, Plaintiff was terminated and replaced by Alex Ruiz as the Sales and Marketing Director.

32.     Ms. Turner was the only African-American female or male in her position at CIG. CIG, through the actions of Ms. Singleton, discriminated against Ms. Turner by treating her more unfavorably compared to her similarly situated peers:

a.     Kim Ayala – Caucasian female

b.     Denise Reid – Caucasian female

c.     Kim Ayala – Caucasian female

d.     Elsa Isais – Caucasian female

e.     Alejandre Ruiz – Hispanic female

f.     Dwayne Gueno – Hispanic male

## VI.     CAUSES OF ACTION

**FIRST CAUSE OF ACTION: VIOLATIONS OF SECTION 1981 OF THE CIVIL**

**RIGHTS ACT OF 1866, 42 U.S.C. §§ 1981 ET SEQ.**

**(Discrimination as to all Plaintiffs, on behalf of themselves and those similarly situated)**

33.     Plaintiffs reasserts and incorporate by reference all the above numbered paragraphs.

34.     Defendant has intentionally discriminated against Plaintiff La Barrie in violation of 42 U.S.C. Section 1981 by a pattern and practice of (1) failing to give Plaintiff La Barrie less resources and opportunities compared to non-African American employees; (2) terminating Plaintiff La Barrie and other qualified non-white employees on the basis of their race and color; and (3) terminating Plaintiff La Barrie and other similarly situated employees, without equal terms and conditions of employment, including but not limited to differing performance standards, and disciplinary action.

35.     Defendant has intentionally discriminated against Plaintiff Turner in violation of 42 U.S.C. Section 1981 by a pattern and practice of (1) making discriminatory comments towards Plaintiff Turner; (2) denying to investigate Plaintiff Turner claims of race discrimination; and (3) terminating Plaintiff Turner and other non-white employees, without equal terms and conditions of employment, including but not limited to differing performance standards, policies relative to pay raises, and disciplinary action.

36.     Copeland's policies and practices for determining disciplinary actions, pay raises, and performance reviews including the use of Copeland's subjective first 90-day performance evaluation system as a basis for termination, had a disparate impact on Plaintiff La Barrie and Plaintiff Turner.

37.     Copeland's conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiffs' rights. The acts of Copeland were performed with the knowledge of an employer's economic power over its employees. Copeland, through its officers,

managing agents and/or supervisors, authorized, condoned and ratified the unlawful conduct all of which caused economic and non-economic harm to Plaintiffs. As a result of Defendant's conduct Plaintiffs are entitled to punitive damages from Copeland.

38.     As a direct result of said discrimination, Plaintiffs were terminated, lost wages and bonuses, loss of professional status, and damage to her career. Plaintiffs are thereby entitled to actual, compensatory and punitive damages in amounts to be proven at trial.

39.     The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 et seq., as Defendant has engaged in the practice of discrimination on the basis of race, color, and/or national origin with respect to the terms and conditions of African American Sales and Marketing Directors' employment.

40.     Plaintiffs were treated differently than other employees that are not of African American descent. Defendant engaged in discrimination against Plaintiffs, African Americans, by termination, based upon Plaintiffs' race; ultimately depriving Plaintiffs of equal employment opportunities and otherwise adversely affecting their status as an employee. As a result of Defendant's discrimination, Plaintiffs suffered damages (in an amount that is within the jurisdictional limits of this Court).

## SECOND CAUSE OF ACTION: VIOLATION OF THE TEXAS EMPLOYMENT DISCRIMINATION ACT, AS AMENDED, TEX. LAB. CODE §§ 21.001 ET SEQ.
### (Race Discrimination as to all Plaintiffs, on behalf of themselves and those similarly situated)

41.     Plaintiffs reasserts and incorporate by reference all the above numbered paragraphs.

42.     Plaintiff La Barrie is an African American (protected class); during her employment with Defendant, Plaintiff La Barrie was subjected to treatment by Dusty Singleton and others that had

the effect of unreasonably interfering with Plaintiff's work performance and/or created a hostile or offensive work environment for Plaintiff. Plaintiff La Barrie lost work assignments because, iner alia, management allowed her non-African American employees to be treated more favorably.

43.     The effect of Defendant's actions, as alleged above, denied Plaintiff La Barrie equal employment opportunities and discriminated against her on the basis of her race and/or color. Plaintiff La Barrie was fully qualified to perform the duties of a Sales and Marketing Director for Defendant. Plaintiff La Barrie, a black woman, was treated differently than similarly situated persons who were non-black by being subjected to different rules based upon her race and/or color. Other non-black employees were not subject to similar treatment. Plaintiff La Barrie was subject to such disparate treatment on the basis of her race.

44.     Plaintiff Turner is an African American (protected class); during her employment with Defendant, Plaintiff Turner was subjected to treatment by Dusty Singleton and others that had the effect of unreasonably interfering with Plaintiff's work performance and/or created a hostile or offensive work environment for Plaintiff Turner. Plaintiff Turner lost work assignments because, iner alia, management allowed her non-African American employees to be treated more favorably and call her an "aggressive" black woman.

45.     The effect of Defendant's actions, as alleged above, denied Plaintiff Turner equal employment opportunities and discriminated against her on the basis of her race and/or color. Plaintiff Turner was fully qualified to perform the duties of a Sales and Marketing Director for Defendant. Plaintiff Turner, a black woman, was treated differently than similarly situated persons who were non-black by being subjected to different rules based upon her race and/or color. Other non-black employees were not subject to similar treatment. Plaintiff Turner was

subject to such disparate treatment on the basis of her race.

46.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 et seq., as Defendant has engaged in the practice of discrimination on the basis of race, color, and/or national origin with respect to the terms and conditions of African American Sales and Marketing Directors' employment.

47.     Defendant discriminated against Plaintiffs in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiffs in a manner that would deprive or tend to deprive Plaintiffs of any employment opportunity or adversely affect their status because of Plaintiffs' race (i.e. African American), in violation of Tex. Lab. Code §§ 21.001 et seq.

48.     Plaintiffs have suffered irreparable injury and monetary damage as the result of Defendant's acts for which Plaintiffs now seeks redress.

### THIRD CAUSE OF ACTION: TITLE VII RACE DISCRIMINATION

**(Discrimination as to all Plaintiffs, on behalf of themselves and those similarly situated)**

49.     Plaintiff Turner reasserts and incorporate by reference all the above numbered paragraphs.

50.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff Turner because of her race and color (African-American).

51.     Plaintiff La Barrie is an African American (protected class); during her employment with Defendant, Plaintiff La Barrie was subjected to treatment by Dusty Singleton and others that had the effect of unreasonably interfering with Plaintiff's work performance and/or created a hostile or offensive work environment for Plaintiff. Plaintiff La Barrie lost work assignments because, iner alia, management allowed her non-African American employees to be treated more

favorably.

52.     The effect of Defendant's actions, as alleged above, denied Plaintiff La Barrie equal employment opportunities and discriminated against her on the basis of her race and/or color. Plaintiff La Barrie was fully qualified to perform the duties of a Sales and Marketing Director for Defendant. Plaintiff La Barrie, a black woman, was treated differently than similarly situated persons who were non-black by being subjected to different rules based upon her race and/or color. Other non-black employees were not subject to similar treatment. Plaintiff La Barrie was subject to such disparate treatment on the basis of her race.

53.     Plaintiff Turner is an African American (protected class); during her employment with Defendant, Plaintiff Turner was subjected to treatment by Dusty Singleton and others that had the effect of unreasonably interfering with Plaintiff's work performance and/or created a hostile or offensive work environment for Plaintiff Turner. Plaintiff Turner lost work assignments because, iner alia, management allowed her non-African American employees to be treated more favorably and call her an "aggressive" black woman.

54.     Plaintiff La Barrie can establish race discrimination under Title VII. As an African American woman, Plaintiff La Barrie is a member of a protected class. Plaintiff La Barrie was qualified for her position. Plaintiff La Barrie suffered adverse employment action when she was terminated by CIG because of her race, or "the way the office looked."

55.     Plaintiff Turner can establish race discrimination under Title VII. As an African American woman, Plaintiff Turner is a member of a protected class. Plaintiff Turner was qualified for her position since she was vigorously recruited and sought to work under Ms. Singleton. Plaintiff Turner suffered adverse employment action when she was terminated by one day after making complaints about race discrimination, and after she was called an "aggressive

and hostile" black woman by Ms. Singleton.

56.     Any reason offered by CIG as reason for Plaintiff La Barrie's termination is pretext to cover CIG's discriminatory acts. Thus, CIG had no legitimate non-discriminatory reason to terminate Plaintiff La Barrie. Lastly, Plaintiff La Barrie can establish that her similarly situated, white counterparts were treated more favorably. Defendant discriminated against Plaintiff La Barrie in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff La Barrie in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of her race in violation of Title VII of the Civil Rights Act of 1964.

57.     Any reason offered by CIG as reason for Plaintiff Turner's termination is pretext to cover CIG's discriminatory acts. Thus, CIG had no legitimate non-discriminatory reason to terminate Plaintiff. Lastly, Plaintiff Turner can establish that her similarly situated, white counterparts were treated more favorably. Defendant discriminated against Plaintiff Turner in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff Turner in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of Plaintiff's race in violation of Title VII of the Civil Rights Act of 1964.

## FOURTH CAUSE OF ACTION: TITLE VII HOSTILE WORK ENVIRONMENT
### (Discrimination on behalf of Plaintiff Turner)

58.     Plaintiff Turner reasserts and incorporate by reference all the above numbered paragraphs.

59.     Plaintiff Turner was subjected to unwelcome harassment throughout the course of her employment by her supervisor, Ms. Singleton. Plaintiff Turner alleges that Ms. Singleton made

humiliating comments about her race that made Plaintiff Turner feel uncomfortable at work. The

hostile treatment, as stated in the facts, unreasonably interfered with Plaintiff Turner's work

performance. Plaintiff Turner asserts that any reasonable person in her position would find CIG

through Ms. Singleton's conduct to be offensive and severe.

The harassment complained of was not an isolated instance, but it affected a term, condition,

and/or privileges of Plaintiff Turner's employment in that it, among other effects, caused her to

be humiliated and suffer severe emotional stress.

60.     Plaintiff complains that Copeland created a hostile work environment based upon

Plaintiff Turner's protected status and/or membership in a protected group. Specifically,

Plaintiff, a black female, complained of discriminatory comments by Alex, and confirmed by

Ms. Singleton, which had the effect of creating hostile or intimidating work environment, and/or

unreasonably interfering with plaintiff's work performance.

61.     Defendant's intentional discrimination resulted in an adverse employment action against

Plaintiff Turner. Plaintiff Turner was terminated on November 5, 2020, a day after making

complaints about racially charged comments, regarding her as "aggressive."  Defendant did not

exercise reasonable care to prevent and cure allegations of hostile work environment. Defendant

ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware

of the conduct. Because of such hostile work environment harassment, Plaintiff was terminated

and has suffered and will continue to suffer irreparable injury from the Defendant's unlawful

employment policies and practices as stated above.

62.     As a direct and proximate result of Defendant's actions, Plaintiff Turner has suffered

severe emotional distress, physical and emotional pain, suffering, inconvenience, mental anguish

and other pecuniary and non-pecuniary losses in the amount to be determined at trial.

**FIFTH CAUSE OF ACTION: EQUAL PAY ACT VIOLATIONS**

**(Discrimination as to all Plaintiffs, on behalf of themselves and those similarly situated)**

63.     Plaintiff Turner reasserts and incorporate by reference all the above numbered paragraphs.

64.     Based on information and belief, Plaintiff Turner contends CIG: (a) paid different wages to Sales and Marketing Directors of the opposite sex; (b) these employees perform substantially equal work on jobs requiring equal skill, effort and responsibility; and (c) the jobs are performed under similar working conditions.

65.     There is no legitimate, non-discriminatory reason for Plaintiff Turner's wage disparity. As a result of CIG's actions in violating and continuing to violate the provisions of the Equal Pay Act as described herein, Plaintiff Turner has suffered and continues to suffer a loss of wages, benefits and other compensation due in the past and which will be suffered and due in the in the future.

66.     As a result of the above-stated wage disparities between Plaintiff Turner and her male colleagues, which have existed starting in October 2020 and continued throughout her employment, Plaintiff has been denied equal pay for equal work because of her sex and in violation of the Equal Pay Act, as amended, 29 U.S.C. § 206(d).

**VII.     JURY DEMAND**

67.     Plaintiffs demands a jury on all issues to be tried in this matter.  Plaintiffs have submitted the jury demand and herein submit the jury fee.

**VIII.     PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a.      All damages to which Plaintiffs may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to lost wages, back and future pay, reinstatement, upgrading, and compensation for benefits not received;

b.      Past physical pain and mental suffering;

c.      Present physical pain and mental suffering;

d.      Future physical pain and mental suffering;

e.      Compensatory damages;

f.      Punitive damages in an amount above the minimum jurisdictional limits of the Court;

g.      Reasonable attorneys' fees as allowed by law, with conditional awards in the event of appeal;

h.      Pre-judgment interest at the highest rate permitted by law;

i.      Post-judgment interest from the judgment until paid at the highest rate permitted by law;

j.      Costs of Court; and

k.      all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,



Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No.: 713316
Eddie Robert Hodges, Jr.
Texas Bar No.: 24116523
Southern District No.: 3479748
5120 Woodway Dr., Ste. 10010
Houston, Texas 77056
Tel.: (713) 742-0900
Fax: (832) 558-9412
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com

**ATTORNEYS FOR PLAINTIFFS**