United States District Court
Southern District of Texas
**ENTERED**
May 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CELMIRA CECILIA TURNER and VANESSA LA BARRIE, Plaintiffs, vs. COPELAND GROUP USA INC d/b/a COPELAND INSURANCE GROUP, Defendant. | CIVIL ACTION NO. 4:21-cv-00640  JUDGE CHARLES ESKRIDGE |

OPINION AND ORDER GRANTING
MOTION TO DISMISS IN PART

The motion by Defendant Copeland Group USA Inc d/b/a Copeland Insurance Group is granted as to the claims by Plaintiffs for violations of the Equal Pay Act and for gender discrimination under Title VII. The motion is denied as to all other claims. Dkt 30.

1. Background

Plaintiffs Vanessa La Barrie and Celmira Turner are former sales and marketing directors at Copeland's Houston office. La Barrie worked there from February 2020 to October 2020. Turner worked there from October 2020 to November 2020. Dkt 29 at ¶ 12.

Plaintiffs allege La Barrie was the only African American sales and marketing director at Copeland during her tenure. Dkt 29 at ¶ 22. Copeland allegedly refused to provide her a team of agents and refused to allow her to work remotely. Dkt 29 at ¶¶ 14 & 16. Yet other similarly

situated individuals outside her protected class—namely Brandy Wallace, Denise Reid, and Kim Ayala—allegedly received some or all of these privileges. Id at ¶¶ 14, 16, & 22. La Barrie was ultimately terminated in October 2020 and replaced by Turner. Id at ¶¶ 20 & 22.

Similarly, Plaintiffs allege that Turner was the only African American sales and marketing director at Copeland during her tenure. Id at ¶ 22. Dusty Singleton was Turner's immediate supervisor and is alleged to have openly mocked Turner and consistently made "subtle remarks" about her "race and stereotypes." Id at ¶ 25. At some point, Turner discussed these comments with Heather Mayfield, an individual in Copeland's human resources department. Id at ¶ 28. Singleton also allegedly moved Turner from the directors office to the front office, a substantially less desirable location. Id at ¶ 26. And Plaintiffs contend that similarly situated individuals outside Turner's protected class—namely Kim Ayala, Denise Reid, Elsa Isais, Alejandre Ruiz, and Dwayne Gueno—received more favorable treatment. Id at ¶ 32. Copeland ultimately terminated Turner in November 2020, replacing her with an individual outside her protected class. Id at ¶ 29.

La Barrie and Turner brought claims against Copeland for race discrimination under section 1981, Title VII, and the Texas Employment Discrimination Act; defamation; gender discrimination under Title VII; hostile work environment under Title VII; and violations of the Equal Pay Act. Dkt 10. Copeland moved previously to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt 16. The claim by La Barrie under Title VII for hostile work environment and the claims for defamation by both La Barrie and Turner were dismissed with prejudice. All other claims were dismissed without prejudice subject to repleading. Dkt 27.

Plaintiffs then filed their third and fourth amended complaints. Dkts 28 & 29. Turner again asserts a claim under Title VII for hostile work environment, and they both assert claims for race discrimination under section

1981, Title VII, and the Texas Employment Discrimination Act, and for violations of the Equal Pay Act.

Copeland again moves to dismiss for failure to state a claim. Dkt 30.

### 2. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the Defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ibid, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019). But

"courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014).

    3. Analysis

Copeland argues that Plaintiffs "supplemented no facts of specific allegations in their Fourth Amended Complaint," instead opting to add "nothing more than conclusory allegations, unwarranted factual inferences, and misconstrued legal conclusions." Dkt 30 at 7–8.

    a. Race discrimination under section 1981, Title VII, and the Texas Employment Discrimination Act

The allegations by Plaintiffs are set out above. Though spare, they contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570.

The motion to dismiss will be denied as to these claims.

    b. Title VII hostile work environment

Turner relies on the same facts set out above to support her Title VII hostile work environment claim. Again, these allegations are scant but enough to satisfy the low pleading threshold established by the Federal Rules of Civil Procedure.

The motion to dismiss will be denied as to this claim.

    c. Violations of the Equal Pay Act

Plaintiffs merely assert that Copeland "(a) paid different wages to Sales and Marketing Directors of the opposite sex; (b) these employees perform substantially equal work on jobs requiring equal skill, effort and responsibility; and (c) the jobs are performed under similar working conditions." Dkt 29 at ¶ 64. They plead no specific facts to support or explain their claims regarding violations of the Equal Pay Act.

A pleading must offer more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 US at 678. The motion to dismiss will be granted as to these claims. Because Plaintiffs are now on their fourth amended complaint and still plead only conclusory allegations on these claims, they will be dismissed with prejudice.

        d.  Title VII gender discrimination

Plaintiffs' claims for gender discrimination under Title VII were previously dismissed without prejudice. Dkt 27. Plaintiffs chose not to replead these claims. Dkt 29. They will now be dismissed with prejudice.

    4.  Conclusion

The motion by Defendant Copeland Group USA Inc d/b/a Copeland Insurance Group to dismiss is GRANTED IN PART AND DENIED IN PART. Dkt 30.

It's DENIED as to the claims by Plaintiffs for race discrimination under section 1981, Title VII, and the Texas Employment Discrimination Act, and as to the claim by Turner for hostile work environment under Title VII.

It's GRANTED as to the claims by Plaintiffs for violations of the Equal Pay Act and gender discrimination under Title VII. Those claims are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on May 10, 2022, at Houston, Texas.

*[signature: Chas R Eshridge]*
Hon. Charles Eskridge
United States District Judge